GUARDIANSHIP OF JOHN H. MURPHY ET AL., MINORS.

[No. 6,435; decided June 16, 1893.]

**Change of Venue—Guardianship Proceedings.**—The probate court has power to order the place of trial of guardianship proceedings to be changed, notwithstanding there is no express authority therefor in the statute.

On July 15, 1887, letters of guardianship of the persons and estates of John H. Murphy, Mary A. Murphy, James F. Murphy, Albert E. Murphy and George Murphy, minor children of Patrick S. Murphy, deceased, and Margaret A. Murphy, were issued to their mother by the superior court of the city and county of San Francisco. At the time of the issuance of the letters the minors resided with their mother in said city and county.

On June 13, 1893, the guardian made an application, supported by affidavit, for a change of venue to Nevada county.

J. F. Riley, for the guardian.

COFFEY, J. This is a motion to change place of proceedings in the above-entitled matter from the superior court of the city and county of San Francisco to the superior court of Nevada county.

Section 1713 of the Code of Civil Procedure provides that, "Except as otherwise provided in this title (title XI), the provisions of part II of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." "This title" embraces proceedings in probate courts, including guardianship of minors. Section 397 of the Code of Civil Procedure provides that "The court may, on motion, change the place of trial in the following cases: . . . . 3. When the convenience of witnesses and the ends of justice would be promoted by the change." There can be no doubt that the convenience of witnesses and the ends of justice would be promoted by the change in this case, as the guardian and all the minors reside in the county of Nevada and all the property of the estate is situated in said county, as appears by the affidavit on file herein. This section—397—is a portion of part II, referred to in section 1713.

The question arises, Is it anywhere provided in title XI that the rules of transfer of proceedings in ordinary civil actions, as stated in section 397, do not or shall not apply to the removal or transfer of probate proceedings?' A careful examination of all the sections of this title shows no such provision. But there is no express provision of the statute authorizing the place of trial to be changed in such cases, and this might be used as an argument against the change, and prior to the decision of People v. Almy, 46 Cal. 246, such contention was made. In that case the probate court of Marin county, after three juries had failed to agree (in the matter of the Estate of James Black, deceased), entered an order changing the place of trial to the probate court of the city and county of San Francisco. The opponents of the will claimed that the probate court of Marin county had no jurisdiction to change the place of trial and that the order was void, and moved the said probate court of Marin county to proceed with the trial. The court refused, and the opponents of the will applied to the supreme court for a writ of mandate to compel it to proceed with the trial. That court said: "The only question raised by the application for the writ is whether the court had the authority and jurisdiction to enter the order changing the place of trial. There is no express provision of the statute authorizing the place of trial to be changed in such cases." The court then proceeded to examine the sections of the practice act and probate act corresponding to the above-quoted sections, and which are practically identical with them, and some other sections of the probate and practice acts, and concluded: "We entertain no doubt whatever that in a case like this it is competent for the probate court to order the place of trial to be changed." The court has squarely decided that although there is no express provision of the statute authorizing the change of place of trial, yet the court has the undoubted power under the law to order the place of trial to be changed.

Motion granted.